NO. 07-10-0195-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 9, 2011

_____

IN THE INTEREST OF J.R.H. AND J.R.H, CHILDREN

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 08-04-21,253; HONORABLE PAT PHELAN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, J.R.H., filed a notice of appeal[1] challenging the trial court's order

terminating his parental rights to his two sons, J.R.H. and J.R.H.[2]  In presenting this

---

[1]Although the trial court's order also terminated the mother's parental rights, she did not appeal. Additionally, Appellant did file a Statement of Points of Appeal in combination with a Motion for New Trial. *See* Tex. Fam. Code Ann. § 263.405(b-1) and (i) (West 2008).

[2]To protect the privacy of the parties in this case, we identify them by their initials.  *See* Tex. Fam. Code Ann. § 109.002(d) (West 2008); Tex. R. App. P. 9.8(b)(1).

appeal, court-appointed counsel for Appellant has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of her motion to withdraw,[4] counsel certifies she has diligently reviewed the record and, in her opinion, it reflects no reversible error. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991). Counsel has demonstrated that she has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying him of his right to file a *pro se* response if he desired to do so. By letter, this Court also granted Appellant time in which to file a *pro se* response to counsel's brief, should he desire to do so. Appellant did not file a response. Neither did the Department favor us with a brief.

## Termination of Parental Rights

Section 161.001 of the Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* § 161.001(1) and (2); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). Though the same evidence may be

---

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4] This Court has previously held that appointed counsel may file an *Anders* brief in an appeal from a parental rights termination order. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex.App.–Amarillo 2001, no pet.).

probative of both issues, both elements must be established and proof of one element does not relieve the petitioner of the burden of proving the other. *See id.*; *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

Only one statutory ground is required to terminate parental rights under section 161.001. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re S.F.*, 32 S.W.3d 318, 320 (Tex.App.–San Antonio 2000, no pet.). Therefore, we will affirm the termination order if the evidence is sufficient to establish (1) any statutory ground relied on by the trial court in terminating the parent-child relationship and (2) that termination is in the child's best interest. *See In re A.V.*, 113 S.W.3d at 362.

The natural right existing between parents and their children is of constitutional dimension. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings must be strictly scrutinized. *In Interest of G.M.*, 596 S.W.2d 846, 846 (Tex. 1980). A termination decree is complete, final, irrevocable, and divests for all time those natural rights, as well as all legal rights, privileges, duties, and powers, existing between a parent and a child, except for the child's right to inherit. *Holick*, 685 S.W.2d at 20. Thus, due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* § 101.007. *See also In Interest of G.M.*, 596 S.W.2d at 847; *In re Z.J.*, 153 S.W.3d 535, 539 (Tex.App.–Amarillo 2004, no pet.). Parental rights, however, are not absolute, and it is essential that the

emotional and physical interests of the child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d at 26.

Here, counsel does not advance any arguable issues. Rather, she analyzes why the trial court's termination order is supported by clear and convincing evidence and then concludes the appeal is without merit. We agree with counsel's evaluation of the record.

Just as in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found none. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is legally sufficient evidence to establish at least one statutory ground for termination, that the best interest of the children would be served by that termination, and that there are, therefore, no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court's termination order is affirmed.

Per Curiam

4